F. KENT ATWATER, DECEASED, EMPLOYEE; MRS. BETTY ATWATER, WIDOW; SUSAN ATWATER ANNAS, DEBORAH ATWATER CANIPE, AND LINDA K. ATWATER, CHILDREN, v. RADIO STATION WJRI, INC., EMPLOYER; UNITED STATES FIDELITY & GUARANTY COMPANY

No. 7525IC626

(Filed 21 January 1976)

Master and Servant § 56— workmen's compensation — death not connected with employment — sufficiency of evidence

Although there was circumstantial evidence that deceased radio station employee fell against crates of empty bottles in the station bathroom, causing intra-abdominal bleeding resulting in his death, the evidence did not compel a finding that the deceased employee suffered such a fall and was sufficient to support the Industrial Commission's determination that deceased did not sustain an injury by accident resulting in his death arising out of and in the course of his employment.

APPEAL by claimants from the North Carolina Industrial Commission. Award entered by the Commission on 24 April 1975. Heard in the Court of Appeals 13 November 1975.

Kent Atwater was employed by Radio Station WJRI in Lenoir for more than twenty years. He had variously served as announcer, news director, program director, and general manager. According to claimants' witness, Rush Cole, everyone knew that Kent drank on occasions. He stated, "I don't know if he was a better announcer when he had been drinking a little bit." Mrs. Atwater was aware that Kent had cirrhosis of the liver. He had been hospitalized in late 1972 with a liver problem. He returned to work part-time for a few weeks, and by the first of 1973 was working full-time.

On the morning of 30 May 1973 Kent Atwater went to work at the customary time. Between 10:00 and 10:30 a.m. the station engineer, on the way to his office which was next door

to the bathroom, saw the bathroom door ajar and the light on. Without looking inside, he reached in and turned the light off and left the door ajar. Empty soft drink bottles were stored in three crates in the bathroom. A few seconds after the engineer reached his office, he heard the rattling of drink bottles from the bathroom. Out of curiosity he walked immediately to the bathroom door, a distance of about three steps. There he saw Kent Atwater standing just inside the door beside the crates of empty bottles. Kent Atwater looked pale. The engineer said, "morning, Kent, how are you?" Kent replied, "I don't feel too good, Chief." Kent then walked down the hall to the control room. He extended his hand as though to brace himself and started falling. The engineer caught him and helped to stretch him out on the floor. An ambulance was called. Kent did not say anything about falling in the bathroom. Mrs. Atwater talked with Kent at the hospital. He complained of pain in the abdominal area, but he did not say anything about falling in the bathroom at the radio station. Kent's condition worsened, and he was transferred by ambulance to Winston-Salem, but he was dead on arrival there.

An autopsy was performed, and in the opinion of the pathologist the cause of death was "acute massive intra-abdominal hemorrhage with shock." The pathologist found no bruise marks on the skin in the abdonimal area, either the outside of the skin or the inside of the skin area. He found a great deal of blood in the abdominal cavity. In his opinion the blood came from four or more linear lines of compression on the bowel walls, which lines he described as being four to five centimeters in length, or "plus or minus two inches." The pathologist opined that "it would be possible 'for a rather severe blow to occur to the external abdomen which would not leave bruised marks and yet do the compression marks that I found on the bowels on the inside."

The employer and carrier offered evidence which tends to show that other employees talked with Kent Atwater while he was waiting for the ambulance. One Donnie Goodale asked Kent "what's wrong?" To which Kent replied "I don't know. I have just got a tummy ache, and it's been bothering me some. And I can't stay out of the bathroom." Kent stated that he felt "as if he had eaten some apples."

During the evening before 30 May 1973 Kent was in the company of Jeff Joines, a co-employee. They were gathering

news about a traffic fatality. Joines described Kent as looking pale and appearing not to be in good health. Joines remarked to Kent that he didn't look very good. Kent replied, "Yeah, I haven't been feeling good."

Defendants' evidence further tended to show that Kent Atwater did not state to anyone at the radio station anything about falling in the bathroom against the crates of bottles.

The Hearing Commissioner found facts and concluded that Kent Atwater did not sustain an injury by accident resulting in his death arising out of and in the course of his employment on 30 May 1973. Upon appeal the Commission, Commissioner Vance dissenting, affirmed the findings and conclusions of the Hearing Commissioner.

*Townsend and Todd, by J. R. Todd, Jr., for the claimants.*

*Edwin G. Farthing, for the employer and the carrier.*

BROCK, Chief Judge.

We agree with claimants that the finding in Findings of Fact 3, that on the evening of 29 May 1973 "deceased employee appeared to have been drinking some form of alcoholic beverages," is not supported by evidence. We also agree that the finding in Findings of Fact 4, that on the morning of 30 May 1973 that the deceased employee's "eyes were bloodshot," is not supported by evidence. However, these findings are not crucial, and without them the same result would obtain. We therefore consider them nonprejudicial.

The crux of claimants' argument on appeal is the failure of the Commission to find that Kent Atwater fell against the crates of empty bottles in the bathroom of the radio station during the morning of 30 May 1973, causing the linear lines of compression on the bowel walls from which the acute, massive intra-abdominal hemorrhage and shock occurred causing his death. There was circumstantial evidence from which it could be inferred that deceased fell against the crates of empty bottles in the bathroom. It seems to be claimants' argument that the evidence required, as a matter of law, a finding of such a fall and that such a fall caused the injuries which resulted in the death of Kent Atwater. We do not agree.

The Commission is the fact finding body, and its findings of fact, when supported by competent evidence, are binding

upon appeal. The Commission is not bound to believe all of the evidence it hears and certainly is not bound to find the circumstances to be as claimants contend their circumstantial evidence tends to show.

We find nothing inconsistent between the evidence and the facts found by the Commission. Also we find nothing inconsistent between the facts found and the denial of compensation.

Affirmed.

Judges HEDRICK and CLARK concur.